# JOHN STILWELL *et al.*

## *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. JUDGMENT FOR TAXES. The county court has jurisdiction to render judgment against delinquent lands, for taxes, at any regular term after April in each year, for the taxes of the preceding year, on legal and proper notice. The statute has not limited the rendition of judgment to the first Monday of May; nor does the statute, in terms, require that it shall be at that or any specified term.

2. SAME—*dismissed at one term no bar.* Where application was made for judgment against the delinquent list of lands, at the June term of the county court, and the court refused to enter judgment, because the list had not been filed five days, and a new application was made to the next August term: *Held,* that the refusal at the June term, not having been on the merits, formed no bar to rendering judgment on the second application.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

The facts in this case are fully presented in the opinion.

Mr. S. D. FOSDICK and Mr. A. E. HARDING, for the appellants.

Messrs. PAYSON & FERRY, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

At the June term, 1867, of the county court of Livingston county, the treasurer made an application for judgment against the delinquent list of lands for taxes of the previous year. In this list were those of appellants, described in the bill of exceptions. They appeared and filed objections to the rendition of the judgment, first, because the application was made at the June term and not at the May term, and, secondly, because the list of lands was not filed five days before the commencement of the term. On the hearing, the court sustained the latter objection, and refused to order the sale of the lands.

The treasurer again applied for an order for the sale of the same lands at the next August term of the court, when appellants again appeared and resisted the application for a judgment, first, upon the ground that the court had no jurisdiction, and, secondly, because the court had refused to render judgment against these lands at the preceding June term. In support of the latter objection, they offered to read in evidence the record of the proceedings on the application at the June term, 1867, as a bar to the rendition of the judgment asked by the treasurer. The court overruled the objections, and rendered judgment for the sale of the lands embraced in the list. The case was thereupon removed to the circuit court by appeal, where, after a hearing, that tribunal affirmed the judgment of the county court, and the case is now brought to this court by appeal.

The question of jurisdiction involves the construction of portions of the revenue law and its several amendments. The 26th section of the act of 1853, Scates' Comp. 1073, provides that, if the taxes on lands shall be delinquent, it shall be the duty of the collector to make publication in a newspaper, in the manner and for the length of time specified, that he will apply " to the county court, at the ———— term thereof, for judgment against" the lands, for taxes, &c. ; and also give notice that on the first Monday next succeeding the day fixed for the commencement of the county court, all lands against

which judgment shall be rendered will be exposed to sale for the taxes, &c. It will be observed that an unfilled blank is left for the term of the court, and that no term is fixed by this section. By the 30th section of the same act, ib. 1075, it is provided, that all suits for judgments against land for taxes on "delinquent lands and town lots, shall be made at regular terms of the county court, and sale shall be made at the time specified in the notice, whether the court remain in session or not."

The 8th section of the amendatory act of 1855, ib. 1108, declares, that the collector may advertise the list of delinquent lands, upon which taxes remain due and unpaid, on the second Monday in March, or at any time thereafter. The 10th section of the same act declares, all such lands "shall be sold on the second Monday of May next after they became delinquent, or as soon thereafter as practicable." The 11th section of the act of 1859, (Sess. Laws, p. 95), declares, that the terms of the county court, for the transaction of probate business, shall be held on the third Monday in each month. The act of 1849, p. 65, sec. 15, provides that the county judge, with two justices of the peace, designated, shall constitute a county court for the transaction of county business, and that the terms of their courts shall be held on the first Mondays of December, March, June and September in each year. The 5th section of the act of February 12th, 1849, Scates' Comp. 307, declares, that the county courts shall hold terms for the transaction of probate business on the first Monday of every month, except the months of December, March, June and September, and on the third Monday of these months. And the 15th section of the same act declares, that the county judge and the two justices of the peace which the law has designated, shall sit as a county court, for the transaction of county business, on the first Mondays of December, March, June and September, in every year. It is believed that these are the only enactments involved in the question presented by this record.

It will be observed, that the act of 1853, requiring the sale of delinquent lands, has omitted to fix any term, but, on the contrary, declares that applications for judgment for the sale of lands for taxes shall be made at regular terms of the county court. This would seem to leave the question, as to what term the collector would apply, to his discretion, to be controlled, of course, by circumstances. And such, we presume, was the design of the legislature. It is, however, insisted, that the act of 1855 has amended this provision and requires the sale to be made on the second Monday in May. But it will be observed that this is qualified with a further provision, " or so soon thereafter as practicable." This still leaves it uncertain at what term the application will be made and at what time the sale will occur, as that is to be governed by circumstances. And of the practicability of making the sale the collector must determine, and hence, the county court would have jurisdiction at any regular term at which he might apply. If, however, he delay and fail to collect the tax within the time limited by the law, it might raise a question as to his liability for a non-performance of his duty as collector.

In counties acting under township organization, there are no county courts for the transaction of county business, that duty having been imposed upon the board of supervisors. But the county court, held for the transaction of probate business, has been invested with jurisdiction, in those counties, to hear and determine the application for judgment on delinquent lands for taxes. If the judgment should be rendered at the April term, the sale could not be had on the second Monday in May and be on the first Monday succeeding the term at which the judgment was rendered. It then follows, that the application must be made at the May or some subsequent term of the court. From this it is seen, that the construction contended for by appellant is not practicable. We are, therefore, of the opinion that the county court may entertain jurisdiction at

any regular term after the April term, and properly render judgment against delinquent lands for taxes.

It appears from the record of the proceedings at the June term, that there was not a trial had on the merits, but judgment was refused because the list of lands was not filed five days before the term. This, at the most, only amounted to a dismissal of the proceeding, and no court has gone the length of holding that a dismissal of a suit may be pleaded in bar of a recovery on the same cause of action in a subsequent suit. In this case the principle differs nothing from any other dismissal, and this proceeding was not barred by the order rendered at the June term.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*